**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

ELECTRONIC CREATIONS CORP.
1275 Fourth Street – Suite 277
Santa Rosa, California 95404,

    Plaintiff,

v.

PATRICK SITROK
14999 Preston Rd.
Dallas, Texas 75254,

and

EPF.com, an Internet Domain Name,

    Defendants.

Civil Action No. 1:18cv61 (LMB/JFA)

## VERIFIED COMPLAINT

Plaintiff Electronic Creations Corp. ("Plaintiff" or "ECC"), by counsel, alleges as follows for its *in rem* Complaint against Defendant Internet domain name EPF.com ("EPF.com") and its *quasi in rem* Complaint against Defendant Patrick Sitrok ("Sitrok"):

## NATURE OF THE SUIT

1. This is an action for breach of contract and specific performance for the breach of a written contract to sell unique and irreplaceable property in the form of Defendant Internet domain name EPF.com. On or about October 5, 2017, Defendant Sitrok entered into a written contract with ECC through the domain name marketplace Sedo to sell the EPF.com domain name to ECC. After ECC fulfilled its end of the bargain, remitting the full purchase price to Sedo, Sitrok refused to transfer EPF.com as required under the contract.

2. ECC seeks an order transferring the EPF.com domain name to Plaintiff and

© 2018 Wiley Rein LLP. All rights reserved.

awarding Plaintiff monetary damages for costs reasonably incurred as a result of Sitrok's breach.

## PARTIES

3. Plaintiff ECC is a company organized under the laws of Colorado with an address of 1275 Fourth Street – Suite 277, Santa Rosa, CA 95404.

4. Defendant Sitrok is an individual with an address of 14999 Preston Rd., Dallas, Texas 75254. On information and belief, Sitrok is the registrant of EPF.com and possesses control over the EPF.com domain name.

5. Defendant EPF.com is an Internet domain name registered through the domain name registrar Network Solutions, LLC, which is located in this district, and issued by Verisign, Inc. as the .com domain registry operator, which is also located in this district.

## JURISDICTION, VENUE AND JOINDER

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, including but not limited to the value of the *res*, consequential damages, and attorneys' fees.

7. This Court has *in rem* jurisdiction over the *res*, Defendant EPF.com, under 28 U.S.C. § 1655 because the registrar of EPF.com, Network Solutions, and the registry operator for the .com registry, Verisign, Inc., are both located in this district.

8. The Court has *quasi in rem* jurisdiction over Defendant Sitrok under 28 U.S.C. § 1655 because he is the registrant of the *res*, which is located in this district.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that Defendant EPF.com is property situated in this district.

10. Joinder of Defendants Sitrok and EPF.com is proper under Fed. R. Civ. P. 20(a)(2) in that the claims set forth herein arise out of the same series of transactions and the

© 2018 Wiley Rein LLP. All rights reserved.

same questions of law are common to all of the Defendants.

## THE DOMAIN NAME SALE AGREEMENT

11. On October 5, 2017, Sedo completed an auction for the EPF.com domain name with Plaintiff ECC as the winning bidder. That day, Plaintiff ECC and Defendant Sitrok entered into a Purchase and Sale Agreement (the "Agreement"). A true and accurate copy of the Agreement is attached hereto as Exhibit A.

12. Under the terms of the Agreement, ECC was to send the purchase price to Sedo within six days of the Agreement's effective date.

13. The Agreement required Sitrok, upon receiving instructions from Sedo, "to immediately perform all necessary steps required to complete the transfer of the" EPF.com domain name to ECC.

14. In the Agreement, the parties acknowledged "the unique and specific nature of the Internet domain names" and agreed that, "in the event a breach of this agreement results in a failed attempt to transfer control of [EPF.com] from Seller to Buyer, the aggrieved Party shall have the right to demand specific performance in lieu of monetary damages."

15. The Agreement further provided that "[i]n the event that either Party requires legal assistance enforcing their rights pursuant to this agreement, the winning Party is entitled to recover legal fees from the other."

16. In reliance on Defendant Sitrok's contractual obligation to transfer the EPF.com domain name to ECC, ECC has undertaken efforts to develop a website to be posted at the EPF.com domain name providing information in the field of real estate using "EPF" as an initialism for "ePropertyFinder".

© 2018 Wiley Rein LLP. All rights reserved.

17. ECC is the owner of U.S. trademark application serial number 87751935 for the mark EPF directed to providing information in the field of real estate via the Internet.

## SITROK'S BREACH OF THE AGREEMENT

18. On October 6, 2017, ECC sent the purchase price for EPF.com to Sedo by wire transfer, satisfying ECC's obligations under the Agreement.

19. Defendant Sitrok, however, did not perform all steps necessary to transfer EPF.com to ECC, as required under the Agreement.

20. On November 3, 2017, Defendant Sitrok sent an e-mail to ECC containing a transfer authorization (EPP) code for EPF.com. However, despite several requests from Sedo, Defendant Sitrok refused to unlock the EPF.com domain name, which was required to initiate the transfer of the EPF.com domain name to ECC using the transfer authorization code provided by Defendant Sitrok.

21. In the more than two months since he sent the EPP code, Defendant Sitrok has not responded to repeated communications from Sedo by phone and e-mail and has ignored multiple requests initiated by ECC and counsel requesting that Defendant Sitrok comply with his contractual obligation to transfer the EPF.com domain name to ECC.

## FIRST CLAIM FOR RELIEF
### Breach of Contract

22. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

23. Defendant Sitrok is a party to the Agreement described above and attached hereto as Exhibit A, which is valid and enforceable.

24. ECC performed each and every term and condition of the Agreement on its part to perform, except such terms and conditions as it has been unable to perform due to Sitrok's

© 2018 Wiley Rein LLP. All rights reserved.

behavior.

26. Defendant Sitrok has breached the Agreement by refusing to transfer EPF.com to Plaintiff.

26. Taking into account the value of the EPF,com domain name, the funds that ECC has expended to develop a website for EPF.com, and ECC's attorney's fees, ECC's damages as a direct and proximate cause of Sitrok's breach exceed $75,000.00.

## SECOND CLAIM FOR RELIEF
### Specific Performance

27. Plaintiff repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

28. The Agreement is fair, just, and reasonable in all respects as to Defendant Sitrok.

29. ECC has paid to Sedo the purchase price as set forth in the Agreement.

30. As Defendant Sitrok admitted in Paragraph 5(a) of the Agreement, the EPF.com domain name is unique and irreplaceable. There is only one EPF.com domain name in the world. As such, Plaintiff has no adequate remedy at law for the injuries currently being suffered.

31. Plaintiff is entitled to specific performance. Sitrok's wrongful and unlawful conduct, unless and until enjoined and restrained, will cause great and irreparable injury to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, ECC respectfully requests of this Court:

1. That judgment be entered in favor of ECC on its claims for breach of contract and specific performance;

2. That the Court award damages, including but not limited to lost profits and consequential and special damages, including pre-judgment and post-judgment interest and

© 2018 Wiley Rein LLP. All rights reserved.

reasonable attorney's fees, in an amount greater than $75,000.00;

3. That the Court order the *res* EPF.com domain name be transferred to ECC through VeriSign, Inc.'s transfer of the domain name from the current domain name registrar to ECC's registrar of choice, Name.com, Inc. and Name.com, Inc. causing the EPF.com domain name to be placed into ECC's domain name management account;

4. That the Court order an award to ECC of such other and further relief as the Court may deem just and proper.

Dated: January 12, 2018     By:     /s/ Attison L. Barnes, III /s/
Attison L. Barnes, III (VA Bar No. 30458)
David E. Weslow (*for pro hac admission*)
WILEY REIN LLP
1776 K St. NW
Washington, DC 20006
(202) 719-7000 (phone)
(202) 719-7049 (fax)
abarnes@wileyrein.com
dweslow@wileyrein.com

*Counsel for Plaintiff*
*Electronic Creations Corp.*

## VERIFICATION

I, Jacalyn A. Young, President of Electronic Creations Corp., declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the facts contained in the foregoing Verified Complaint are true and correct.

Jacalyn A. Young

January 11, 2018
Date